[No. 2243–3.   Division Three.   October 12, 1978.]

MID–COLUMBIA MENTAL HEALTH CENTER, *Appellant,* v.
ARTHUR B. CARSON, ET AL, *Respondents.*

*Leavy, Taber, Schultz, Bergdahl & Sweeney* and *Andrew C. Bohrnsen,* for appellant.

*Lane, Powell, Moss & Miller, G. Val Tollefson, Nashem, Prediletto, Schussler & Halpin, Norman R. Nashem, Jr., Thorner & Kennedy, P.S.,* and *David A. Thorner,* for respondents.

ROE, J.—In 1968 plaintiff Mid–Columbia Mental Health Center contracted with defendant Carson & Kesterson, an architectural firm, to design and supervise construction of a new facility. The architectural firm hired a consulting firm, Valentine, Fisher & Tomlinson, to design and supervise construction of a mechanical system including the fire protection system. Defendant Gilbert H. Moen Co. was the general contractor; defendant Sweeney Plumbing & Heating Co. was the mechanical contractor; defendant Sentry Automatic Sprinkler Co. was hired to design and install the actual fire protection system.

The building design included two seclusion rooms specifically for suicidal patients. Such seclusion rooms call for flush–mounted sprinkler heads, but those actually installed extended down 5 inches from the ceiling. In March 1975, Miss Morigeau, a patient with known suicidal tendencies, hanged herself from the protruding sprinkler head and is now in a permanently comatose condition. Her guardian sued Mid–Columbia, who settled her claim for approximately $137,000. Mid–Columbia now sues the defendants in

tort, seeking contribution from them based upon negligence and strict liability theories.

All defendants jointly moved for summary judgment based solely upon the rule in this state that there is no right of contribution among joint tort–feasors. For the purposes of this motion the parties stipulated that genuine issues of material fact do exist as to their respective active negligence. The trial court granted summary judgment to the defendants.

■ Assuming arguendo that all parties are active joint tort–feasors, then the question squarely presented is whether we shall continue to follow the rule that no right of contribution exists even after enactment of Washington's comparative negligence statute, RCW 4.22.010. During the pendency of this appeal, our Supreme Court addressed this issue, *Wenatchee Wenoka Growers Ass'n v. Krack Corp.*, 89 Wn.2d 847, 576 P.2d 388 (1978), and refused to modify the prior law, although it did not foreclose eventual reconsideration of the question. In its opinion the Supreme Court posed certain questions which would need answers before it would be willing to change this rule. The parties here have not attempted to answer all of those questions, nor have they addressed themselves to the other complex policy considerations which we would have to resolve before changing such a well–established common–law rule.

During the pendency of this appeal the Supreme Court of California decided *American Motorcycle Ass'n v. Superior Court*, 20 Cal. 3d 578, 146 Cal. Rptr. 182, 578 P.2d 899 (1978), which addressed many of the issues which are most troublesome in this area. Although that case did not abolish joint and several liability, it does permit one joint tort–feasor to recover from another according to their relative degrees of fault.

This well–reasoned opinion has some appeal, but in light of the Supreme Court's recent pronouncements in *Wenatchee Wenoka,* we believe that any modification of this rule must come from the Supreme Court rather than

this court. The facts of the instant case are analytically similar to those in *Wenatchee Wenoka* and do not convince us that this is the occasion for reversing the prior rule which our Supreme Court so recently upheld.

The trial court's judgment is affirmed.

MUNSON, C.J., and GREEN, J., concur.